No. 25-3164

# In the
# United States Court of Appeals
# For the Ninth Circuit

**JESSICA COMBS,**

*Plaintiff/Appellant,*

v.

**NETFLIX, INC.**

*Defendant/Appellee.*

Appeal from the United States District Court for the Central District of California
Case No. 2:24-cv-09037-MRA-MAA
Honorable Mónica Ramírez Almadani

## APPELLEE NETFLIX, INC.'S ANSWERING BRIEF

GREENBERG TRAURIG, LLP
Ashely Farrell Pickett (SBN 271825)
Bryan W. Patton (SBN 294910)
Jonathan A. Schaub (SBN 298892)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
E-mail: farrellpicketta@gtlaw.com; pattonbw@gtlaw.com; schaubj@gtlaw.com
Attorneys for Defendant/Appellee
NETFLIX, INC.

## CORPORATE DISCLOSURE STATEMENT

Defendant and Appellee NETFLIX, INC. is a publicly held corporation with no parent company, and no publicly held company owns 10% or more of its stock.

Dated: September 24, 2025

Respectfully submitted,

By:   *s/ Ashley Farrell Pickett*
Ashley Farrell Pickett
Attorneys for Defendant/Appellee
NETFLIX, INC.

i

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION .................................................................................1

II. JURISDICTIONAL STATEMENT ....................................................2

III. STATEMENT OF THE ISSUES .........................................................2

IV. STATEMENT OF THE CASE ............................................................2

V. SUMMARY OF ARGUMENT ............................................................5

VI. RELEVANT STATUTE ......................................................................6

VII. STANDARD OF REVIEW .................................................................6

VIII. ARGUMENT .......................................................................................6

A. The District Court Correctly Found that the EFAA Does Not Apply to this Case and Properly Compelled Arbitration. .....................6

    1. The EFAA Expressly Does Not Apply Retroactively and Only Applies to Disputes or Claims that Arise or Accrue After March 3, 2022. ...................................................................6

    2. The EFAA Does Not Apply to Appellant's Claims as They Are Based Solely on Conduct Before March 3, 2022, So Any Dispute or Claim Predated the EFAA. ................................7

    3. Federal Authority, Including All Decisions in the Ninth Circuit, Disagree with Appellant's Interpretation that Disputes Only Arise Upon the Filing of an Administrative Complaint. ...............................................................................11

B. The Authorities Appellant Relies on are Misapplied and Unpersuasive. ......................................................................................16

    1. Appellant Misapplies the California Court of Appeal Decision in *Kader*. .......................................................................16

2.      Appellant Misinterprets and Misapplies the Two Out-Of-Circuit District Court Decisions She Offers as Authority to Support her Position..............................................18

C.      The EFAA Is also Inapplicable Because Appellant's Sexual Harassment Claims are Barred by the Statute of Limitations.............20

D.      Appellant's Invocation of Policy Considerations Are Unavailing. ..............................................................................23

IX.     CONCLUSION.................................................................................24

STATEMENT OF RELATED CASES ................................................................26

CERTIFICATE OF COMPLIANCE ...................................................................27

ADDENDUM ......................................................................................................28

CERTIFICATE OF SERVICE ...........................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arouh v. GAN Ltd,*
No. 8:23-cv-02001-FWS, 2024 WL 3469032 (C.D. Cal. March 22, 2024) ...................................................................................................12

*Barnes v. Festival Fun Parks, LLC,*
No. 22-cv-165, 2023 WL 4209745 (W.D. Pa. June 27, 2023) ...........................14

*Carcieri v. Salazar,*
555 U.S. 379 (2009) ..........................................................................................9

*Cardenas v. F.D. Thomas, Inc.,*
No. 2:24-cv-01814-DAD-JDP, 2025 WL 418753 (E.D. Cal. Feb. 6, 2025) ...............................................................................................................22

*Castillo v. Altice USA, Inc,*
698 F. Supp. 3d 652 (S.D.N.Y. Oct. 12, 2023) ..........................................13, 14

*Cornelius v. CVS Pharmacy Inc.,*
133 F.4th 240 (3d Cir. 2025) ...........................................................................10

*Corner Post, Inc. v. Bd. of Govs. of Fed. Rsrv. Sys.,*
603 U.S. 799 (2024) ..........................................................................................9

*Delo v. Paul Taylor Dance Found., Inc.,*
685 F. Supp. 3d 173 (S.D.N.Y. 2023) ..............................................................14

*Ding v. Structure Therapeutics, Inc.,*
755 F. Supp. 3d 1200 (N.D. Cal. 2024) ..............................................................7

*Dutrisac v. STMicroelectronics, Inc.,*
No. 23-CV-06639-BLF, 2024 WL 3646949 (N.D. Cal. Aug. 2, 2024) ...............................................................................................................22

*Famuyide v. Chipotle Mexican Grill, Inc.,*
111 F.4th 895 (8th Cir. 2024) ................................................................10, 16, 19

*Famuyide v. Chipotle Mexican Grill, Inc.*,
No. 231127, 2023 WL 5651915 (D. Minn. Aug. 31, 2023)...................18, 19, 20

*Fli-Lo Falcon, LLC v. Amazon.com, Inc.*,
97 F.4th 1190 (9th Cir. 2024) .................................................................................6

*Hart v. Massanari*,
266 F.3d 1155 (9th Cir. 2001) ...........................................................................17

*Jeffries v. Wood*,
114 F.3d 1484 (9th Cir. 1997), *overruled on other grounds by*
*Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012)...........................................24

*Johannessen v. JUUL Labs, Inc.*,
No. 3:23-cv-03681-JD2024 .................................................................................21

*Landgraf v. USI Film Prods.*,
511 U.S. 244, 272 (1994)...................................................................................24

*Lim v. TForce Logistics, LLC*,
8 F.4th 992 (9th Cir. 2021) ...................................................................................6

*Lopez v. Biotronik, Inc.*,
Case No. 3:21-cv-1868-JR, 2022 WL 18587756 (D. Or. Dec. 20,
2022) .................................................................................................................13

*Marshall v. Hum. Servs. of Se. Tex., Inc.*,
No. 1:21-cv-529, 2023 WL 1818214 (E.D. Tex. Feb. 7, 2023) ........................14

*McCabe v. Canon Solutions Am., Inc.*,
No. 8:23-CV-01710-DOC-MARx, 2023 WL 7201396 (C.D. Cal.
Oct. 31, 2023) ...................................................................................................22

*Memmer v. United Wholesale Mortg., LLC*,
135 F.4th 398 (6th Cir. 2025) .........................................................................9, 10

*Muniz v. United Parcel Serv., Inc.*,
738 F.3d 214 (9th Cir. 2013) .............................................................................17

*Newcombe-Dierl v. Amgen*,
No. CV 22-2155-DMG (MRWx), 2022 WL 3012211 (C.D. Cal.
May 26, 2022)....................................................................................................12

*Papaconstantinou-Bauer v. Jackson Hosp. & Clinic, Inc.*,
No. 2:22CV178-MHT, 2024 WL 1158362 (M.D. Ala. Mar. 18,
2024), and (2) ...................................................................................16, 18, 19

*Preciado v. Concorde Career Colls., Inc.*,
No. 3:22-cv-1745-JR, 2023 WL 3742981 (D. Or. Apr. 19, 2023).....................12

*Rajaram v. Meta Platforms, Inc.*,
105 F.4th 1179 (9th Cir. 2024) ........................................................................6

*Robinson v. United States*, 586 F.3d 683 (9th Cir. 2009), *aff'd and
remanded sub nom. Pac. Operators Offshore, LLP v. Valladolid*,
565 U.S. 207 (2012).........................................................................................8

*Snyder v. Kansas City Auto. Co., L.P.*,
No. 2:23-CV-02564-HLT-GEB, 2024 WL 3677499
(D. Kan. Aug. 6, 2024) ...................................................................................14

*Steinberg v. Capgemini Am., Inc.*,
No. CV 22-489, 2022 WL 3371323 (E.D. Pa. Aug. 16, 2022) .........................15

*Turner v. Tesla, Inc.*,
686 F. Supp. 3d 917 (N.D. Cal. 2023)...............................................................7

*United States v. Thompson*,
127 F.4th 1204 (9th Cir. 2025) .......................................................................20

*Valladolid v. Pac. Operations Offshore, LLP*,
604 F.3d 1126 (9th Cir. 2010) ..........................................................................8

*Walters v. Starbucks Corp.*,
623 F. Supp. 3d 333 (S.D.N.Y. 2022) .............................................................15

*Woodruff v. Dollar Gen. Corp.*,
Case No. CV 21-1705-GBW, 2022 WL 17752359
(D. Del. Dec. 19, 2022)...................................................................................15

*In re Wrightwood Guest Ranch, LLC*,
896 F.3d 1109 (9th Cir. 2018) ........................................................................20

*Wyant v. City of Lynnwood*,
621 F. Supp. 2d 1108 (W.D. Wash. 2008) .......................................................17

*Yost v. Everyrealm, Inc.*,
  657 F. Supp. 3d 563 (S.D.N.Y. 2023) ................................................................21

*Zinsky v. Russin*,
  No. 2:22-cv-547, 2022 WL 2906371 (W.D. Pa. July 22, 2022) ........................15

**California Cases**

*Kader v. S. California Med. Ctr., Inc.*,
  99 Cal. App. 5th 214 (2024) ...........................................................16, 17, 18, 20

**Federal Statutes**

9 U.S.C.
  § 401..................................................................................................................28
  §§ 401 and 402.............................................................................................6, 28
  § 402..................................................................................................................28
  § 402(a) .............................................................................................................22

**California Statues**

California Government Code § 12960(e) .................................................................12

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ..............................................................23

**Other Authorities**

Pub. L. No. 117-90 § 3, 136 Stat. 26, 28 (2022)...................................................7, 8

vii

## I. INTRODUCTION

This Court should affirm the District Court's order granting Appellee Netflix, Inc.'s ("Netflix") motion to compel arbitration and dismissing the action without prejudice. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") is explicitly not retroactive and applies only to disputes or claims arising or accruing after its effective date of March 3, 2022. Appellant Jessica Combs' Complaint alleges that all instances of sexual harassment occurred and were complained about in 2018, and that her employment with Netflix ended in 2021—prior to the EFAA's 2022 enactment. Accordingly, the District Court correctly held that the EFAA does not apply.

Appellant contends that a dispute under the EFAA does not arise until a litigant affirmatively chooses to pursue litigation—here, when she filed her California Civil Rights Department ("CRD") charge in August 2023. Appellant cites no Ninth Circuit authority supporting her position. Instead, the cases she relies on are inapposite and readily distinguishable. So, her argument fails.

Additionally, Appellant's sexual harassment claims are barred by the three-year statute of limitations. Her August 2023 CRD submission and court filing occurred *years* after the applicable three-year statute of limitations had expired. As such, she cannot state a plausible claim that could implicate the EFAA. Parties cannot use implausible claims to evade arbitration. For this additional, independent

reason—which the District Court did not need to reach—the District Court's order should be affirmed.

## II.    JURISDICTIONAL STATEMENT

Pursuant to Local Rule 28-2.2, Netflix does not dispute the jurisdictional statement set forth in Appellant's Opening Brief.

## III.    STATEMENT OF THE ISSUES

1.    Whether the District Court correctly compelled arbitration on the ground that the EFAA does not apply because Appellant's dispute with Netflix arose and claims against Netflix accrued before the EFAA's effective date of March 3, 2022 where her alleged harassment occurred and was complained about in 2018 and her employment ended in 2021.

2.    Whether, even if the Court does not adopt the District Court's reasoning, arbitration was still properly compelled because the EFAA is inapplicable for the additional reason that Appellant cannot satisfy the EFAA's requirement to plausibly state a claim for sexual harassment because her claim is barred by the applicable statute of limitations.

## IV.    STATEMENT OF THE CASE

On May 6, 2017, at the outset of her employment with Netflix, Appellant, Jessica Combs, signed an agreement entitled "**AGREEMENT REGARDING YOUR NETFLIX EMPLOYMENT (Including Mutual Agreement to Arbitrate)**" (emphasis in original) (the "Agreement"). ER 67–68 (Fisher-Travis

Decl. in Support of Defendant Netflix, Inc.'s Motion to Compel Arbitration, Ex. B [Agreement]). The Agreement contains a mutual arbitration provision providing that "both [Appellant] and [Netflix] agree to arbitrate […] any claim for breach of this Agreement and all employment-related disputes, including claims under state and federal law." *Id.*

On December 1, 2021, Netflix terminated Appellant's employment. ER 63 (Fisher-Travis Decl., ¶ 6). Nearly two years later, on August 3, 2023, Appellant filed an administrative complaint with the CRD that lists various claims without explaining the factual predicates for those claims and theories. *See, e.g.*, ER 92 (Complaint, ¶ 6); ER 119, Complaint, Ex. 1 [CRD Notice of Case Closure and Right to Sue].

One year later, on July 29, 2024, Appellant filed a Complaint against Netflix in the Superior Court of California, County of Los Angeles, alleging claims for sexual harassment (Count 3), failure to prevent harassment (Count 4), harassment in violation of the California Constitution (Count 5), and hostile work environment (Count 9). ER 90 (Complaint, p. 1). Appellant's sexual harassment claims are predicated on two vague allegations:

- In "September of 2018, [Appellant] attended a one-day offsite in Hollywood" that included some "team building exercises" which "paired employees" and instructed them to "verbalize whatever

3

description words came to mind," during which "one other colleague" described Plaintiff with the words "smart, intelligent, naive, timid, shy, turning red, vulnerable, capable, beautiful, beautiful, beautiful, powerful etc." ER 97–98 (Complaint, ¶¶ 27–30); and

- "During a Singapore trip in October 2018, [Appellant] was aggressively approached by a male colleague who made sexual advances toward her while she was getting a coffee on the main floor common area" ER 93–94 (Complaint, ¶ 15).

Appellant alleges that she complained about the sexual harassment to Netflix after it occurred in 2018 and before her termination in December 2021, and that Netflix did not take any action in response. ER 98 (Complaint, ¶ 32 [alleging with respect to the September 2018 "offsite" that "[Appellant] discussed how much she didn't like this offsite, and specifically this exercise with her Manager, Terri Herrera. But Netflix failed to take appropriate corrective action to address these acts that were nothing short of harassment and created a hostile work environment."]; ER 104 (Complaint, ¶ 69 ["[Appellant] complained to [Netflix] regarding the uncomfortable nature of the sexually charged atmosphere she and other female employees were subjected to."]). Appellant does not allege that any sexual harassment occurred after, or separate from, the 2018 incidents. *See generally*, ER 90–117 (Complaint).

## V.    SUMMARY OF ARGUMENT

This Court should affirm the District Court's order granting Netflix's motion to compel arbitration and dismissing the action without prejudice. The dispute arose—and claim accrued—in 2018, when Plaintiff alleges the harassment occurred and she complained about it.

Appellant argues that a dispute under the EFAA does not arise until the filing of an administrative complaint, claiming her dispute with Netflix arose when she submitted her CRD charge in August 2023. She does not and cannot cite any Ninth Circuit authority supporting this position because Ninth Circuit courts and out-of-circuit decisions directly contradict it. Instead, the cases she relies on are inapposite and readily distinguishable. Finally, interpreting the statute to require a litigant to affirmatively pursue litigation before a dispute is deemed to have "arisen" would dramatically alter the EFAA's plain language, a view consistently rejected by courts nationwide.

The District Court correctly found the foregoing dispositive. But the EFAA does not apply for an additional reason—Appellant's sexual harassment claims are barred by the applicable three-year statute of limitations. Appellant cannot state a plausible claim for sexual harassment, so the EFAA is not implicated. While the District Court did not need to address this argument when it granted Netflix's motion to compel arbitration, it provides an alternative reason for affirmance and is fully

supported by the record. ER 90–117 (Complaint); ER 52–56 (Netflix's Motion to Compel Arbitration, pp. 16–20); ER 21–22 (Netflix's Reply in Support of Motion to Compel Arbitration, pp. 13–14); *see also* Dkt. 14 (Netflix's Motion to Dismiss Complaint, pp. 3–11).

## VI.   <u>RELEVANT STATUTE</u>

The EFAA is found at 9 U.S.C. §§ 401 and 402, which is set forth in full in the addendum to this brief pursuant to Cir. Rule 28-2.7.

## VII.   <u>STANDARD OF REVIEW</u>

A district court's order compelling arbitration generally is reviewed *de novo*. *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1193 (9th Cir. 2024). A district court's interpretation of a statute is also reviewed de novo. *Rajaram v. Meta Platforms, Inc.*, 105 F.4th 1179, 1181 (9th Cir. 2024). Factual findings underlying a district court's decision are reviewed for clear error. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021).

## VIII.  <u>ARGUMENT</u>

**A.   The District Court Correctly Found that the EFAA Does Not Apply to this Case and Properly Compelled Arbitration.**

**1.   The EFAA Expressly Does Not Apply Retroactively and Only Applies to Disputes or Claims that Arise or Accrue After March 3, 2022.**

By its express terms, the EFAA is *not* retroactive: "This Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that

6

arises or accrues on or after the date of enactment of this Act," i.e., March 3, 2022. Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022); *see also Turner v. Tesla, Inc.*, 686 F. Supp. 3d 917, 924 (N.D. Cal. 2023) ("The EFAA was enacted on March 3, 2022, and does not have retroactive effect."); *Ding v. Structure Therapeutics, Inc.*, 755 F. Supp. 3d 1200, 1212 (N.D. Cal. 2024) (accord). The EFAA was never intended to apply to disputes or claims arising or accruing before the statute went into effect on March 3, 2022, and cannot be applied to do so.

**2.      The EFAA Does Not Apply to Appellant's Claims as They Are Based Solely on Conduct Before March 3, 2022, So Any Dispute or Claim Predated the EFAA.**

As the District Court correctly determined, the EFAA does not apply to Appellant's claims because all conduct underlying her claims occurred before the statute's enactment on March 3, 2022. Appellant alleges (i) two instances of purported sexual harassment, both occurring in 2018, and (ii) that she reported harassment to Netflix. ER 93–94 (Complaint, ¶ 15 [October 2018 incident]; ER 97 (Complaint, ¶ 27 [September 2018 incident]; ER 98 (Complaint, ¶ 32 [alleging with respect to the September 2018 "offsite" that "[Appellant] discussed how much she didn't like this offsite, and specifically this exercise with her Manager, Terri Herrera. But Netflix failed to take appropriate corrective action to address these acts that were nothing short of harassment and created a hostile work environment."]; *see also* ER 6 (Order, p. 4 ["The Complaint alleges that Plaintiff suffered two instances of sexual

7

harassment in 2018, and that she was terminated on December 1, 2021—prior to the EFAA's enactment (March 3, 2022).")]). According to her allegations, "no action was taken to remedy the situation" in response to these 2018 incidents and Appellant's complaints. ER 98 (Complaint, ¶ 32). Appellant pleads no additional instances of sexual harassment after 2018. *See generally* ER 90–117 (Complaint). Moreover, it would be factually impossible for any underlying conduct—whether harassment, reporting, or adverse employment actions—to have occurred after her termination in December 2021, which also predates the EFAA's enactment. ER 100 (Complaint, ¶ 49 [Appellant notified of termination in November 2021]); ER 101 (Complaint, ¶ 51 [Appellant terminated December 1, 2021]); *see also* ER 63 (Fisher-Travis Decl., ¶ 6).

The EFAA only applies to a "dispute or claim that arises or accrues on or after" March 3, 2022. Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022). The language at issue expressly references both a "dispute" that "arises" and a "claim" that "accrues."

Courts begin by looking at the plain language of a statute, which controls "unless its application leads to unreasonable or impracticable results." *Valladolid v. Pac. Operations Offshore, LLP*, 604 F.3d 1126, 1133 (9th Cir. 2010) (citing *Robinson v. United States*, 586 F.3d 683, 687 (9th Cir. 2009), *aff'd and remanded sub nom. Pac. Operators Offshore, LLP v. Valladolid*, 565 U.S. 207 (2012). Where

the "statutory text is plain and unambiguous[,]" courts "must apply the statute according to its terms." *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009).

Accrual is a well-established concept: a claim accrues "when the plaintiff has a complete and present cause of action"—that is, when she possesses the right to file suit and obtain relief. *Corner Post, Inc. v. Bd. of Govs. of Fed. Rsrv. Sys.*, 603 U.S. 799, 809 (2024). So, accrual occurs at the moment the plaintiff has all elements necessary to bring a legal action, regardless of whether she has filed a complaint. Accordingly, under the EFAA, the statute applies only to sexual harassment claims or causes of action that accrue after March 3, 2022.

The other phrase in the EFAA, a "dispute [that] arises", is equally clear: "[t]he relevant question is when the parties became adverse to one another." *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 408 (6th Cir. 2025) (interpreting EFAA application). The decision to include both phrases reflects that, in some cases, a dispute may arise after a claim accrues, and vice versa. As the Sixth Circuit explicated in *Memmer*:

> In many cases, the dispute will arise after the claim accrues. For example, a sexual-harassment claim may accrue when one employee makes an inappropriate remark to another, but the dispute may not arise until the employer resists the employee's complaints. But the converse could also be true. A dispute may arise between the parties about the harassment, but if the harassment continues, a continuing violation, such as a hostile work environment claim, might subsequently accrue due to the later events.

*Memmer*, 135 F.4th at 409.

9

For purposes of the EFAA, federal courts have interpreted the terms, "dispute" and "claim," as described above. The Third Circuit and Eighth Circuit, which are the only other circuit courts to consider the question, have reached decisions consistent with those of the Sixth Circuit in *Memmer*. The Third Circuit held that a dispute arises for purposes of the EFAA "when an employee registers disagreement—through either an internal complaint, external complaint, or otherwise—with his or her employer, and the employer expressly or constructively opposes that position." *Cornelius v. CVS Pharmacy Inc.*, 133 F.4th 240, 247 (3d Cir. 2025). Similarly, the Eighth Circuit held that "a dispute is a 'conflict or controversy, esp. one that has given rise to a particular lawsuit.'" *Famuyide v. Chipotle Mexican Grill, Inc.*, 111 F.4th 895, 898 (8th Cir. 2024) (citing *Dispute*, BLACK'S LAW DICTIONARY [11th ed. 2019]).

"Ultimately, when a dispute arises is a fact-dependent inquiry that can be determined in the context of each case." *Memmer*, 135 F.4th at 409. Here, Appellant alleges that she complained after the harassment in 2018, did so on an ongoing basis, ceased those complaints at some unalleged time, and then complained again when notified of her termination in November 2021. ER 104 (Complaint, ¶ 69 ["Plaintiff ceased her complaints and continued to perform her job duties, until about November of 2021 prior to her termination, when she raised her harassment complaints again. Once again no corrective action was ever offered or taken."]).

Appellant alleges that she complained to Netflix prior to her termination in December 2021 and the enactment of the EFAA. As such, her dispute arose prior to March 3, 2022. As cited by the District Court, Appellant expressly "alleges that she made several complaints to [Netflix] about the workplace environment *prior* to her termination," and Netflix "took a position adverse to [Appellant] by not addressing her concerns." ER 7–8 (Order, pp. 5–6 [further noting that Appellant "also alleges that [Netflix] terminated her for making complaints about sexual harassment and creating a hostile work environment *prior* to the enactment of the EFAA"]) (emphasis in original).

All of the conduct underlying Appellant's assertions occurred prior to the EFAA's March 3, 2022 effective date: (1) the alleged harassment itself; (2) Appellant's complaints about the harassment and Netflix's alleged failure to take corrective action; and (3) Appellant's termination in December 2021. Thus, the District Court correctly found that Appellant's claims accrued *and* her dispute arose prior to March 3, 2022, and that the EFAA does not apply to this case.

**3. Federal Authority, Including All Decisions in the Ninth Circuit, Disagree with Appellant's Interpretation that Disputes Only Arise Upon the Filing of an Administrative Complaint.**

Federal courts have routinely rejected Appellant's interpretation that her dispute with or claims against Netflix only arose or accrued upon the filing of her administrative complaint with the CRD. For example, the Central District of

California case *Newcombe-Dierl v. Amgen* is almost factually identical to this case. No. CV 22-2155-DMG (MRWx), 2022 WL 3012211 (C.D. Cal. May 26, 2022). In *Newcombe-Dierl*, the plaintiff was terminated on November 12, 2021 (*before* the EFAA's enactment) and filed administrative charges with the Equal Employment Opportunity Commission ("EEOC") on March 11, 2022 (*after* the EFAA's enactment). *Id.* at *2. The Central District of California rejected the plaintiff's attempt to apply the EFAA where all relevant conduct preceded the EFAA's enactment but the administrative complaint occurred after enactment. *Id.* at *5 (finding that the EFAA did not apply because "Dierl's claims accrued when the adverse employment action occurred and she was injured, which was no later than November 12, 2021, the date of her termination"). The court rejected the plaintiff's argument that the dispute accrued when the EEOC issued its notice of right to sue, holding that such a position "is contrary to law." *Id.*

All decisions in the Ninth Circuit reach this same commonsense result. In another Central District of California case, *Arouh v. GAN Ltd.*, the court found that the "EFAA does not apply to [plaintiff's] claims" because they were "based on events that occurred between December 2021 and February 2022," and thus "accrued before March 3, 2022[.]" No. 8:23-cv-02001-FWS, 2024 WL 3469032, at *6 (C.D. Cal. March 22, 2024); *see also Preciado v. Concorde Career Colls., Inc.*, No. 3:22-cv-1745-JR, 2023 WL 3742981 (D. Or. Apr. 19, 2023) *report and*

12

*recommendation adopted* 2023 WL 3737882 (D. Or. May 31, 2023) (holding the EFAA did not apply where all alleged conduct occurred in 2021); *Lopez v. Biotronik, Inc.*, Case No. 3:21-cv-1868-JR, 2022 WL 18587756 (D. Or. Dec. 20, 2022), *report and recommendation adopted* 2023 WL 1778655 (D. Or. Feb. 6, 2023) (EFAA did not apply where all alleged conduct occurred before the EFAA's enactment, culminating in the plaintiff's termination before the EFAA's enactment in March 2022).

Consistent with these decisions in the Ninth Circuit, federal courts across the country reject arguments akin to Appellant's here that disputes or claims do not arise or accrue until the filing of an administrative complaint. For example, in *Castillo v. Altice USA, Inc.*, the Southern District of New York held that such an argument flies in the face of Congress' intent that the EFAA *not* apply retroactively:

> The Court agrees that "the use of dispute in this context clearly refers to the discriminatory conduct underlying the Complaint, requiring the arbitration agreement to be entered into prior to the dispute—the discriminatory conduct." [Citing *Barnes v. Festival Fun Parks, LLC*, No. 22-cv-165, 2023 WL 4209745, at *10 (W.D. Pa. June 27, 2023).] Thus, "[a] claim necessitates an underlying dispute" such that "a dispute sparks the potential for a later claim" that ultimately accrues. *Id.* Plaintiff here alleges that she was subjected to sexual harassment in late 2021. Compl. ¶¶ 36-50. She complained to her supervisors and HR, *id.* ¶¶ 51-59, thereby raising the dispute with them, and was allegedly retaliated against when she was placed on a corrective action plan in November 2021, *id.* ¶¶ 72-73, and demoted in December 2021, *id.* ¶ 76-77. Because the discriminatory conduct and retaliation alleged did not occur after March 3, 2022—indeed, Plaintiff concedes that her claims for sexual harassment and retaliation accrued

prior to March 3, 2022—the EFAA does not retroactively apply to the Complaint.

*To hold otherwise would mean that the applicability of the EFAA would hinge not on when a dispute arose or a claim accrued, as the statute dictates, but rather on when a litigant chose to file a formal administrative charge or complaint.*

698 F. Supp. 3d 652, 657 (S.D.N.Y. Oct. 12, 2023) (emphasis added). Other federal courts are in accord. *See also Snyder v. Kansas City Auto. Co., L.P.*, No. 2:23-CV-02564-HLT-GEB, 2024 WL 3677499, at *2 (D. Kan. Aug. 6, 2024) ("Plaintiff ended her employment in December 2021, which means that the underlying dispute arose, and her claims necessarily accrued, in December 2021 <u>at the latest</u>.") (underline in original); *Delo v. Paul Taylor Dance Found., Inc.*, 685 F. Supp. 3d 173, 185 (S.D.N.Y. 2023) ("[Plaintiff] also argues that her claim 'arose' after the EFAA's enactment, because a dispute 'arises' only when a lawsuit is filed by the plaintiff, and she filed her original complaint on November 3, 2022. That argument, however, has been rejected repeatedly by district courts."); *Barnes v. Festival Fun Parks, LLC*, No. 3:22-CV-165, 2023 WL 4209745 (W.D. Pa., June 27, 2023) (EFAA did not apply because "[e]ven if Plaintiff's claim of sexual harassment is viewed as a continual violation culminating in a discriminatory discharge, the dispute arose in July 2019 when the discriminatory conduct began, and at the latest, her claim accrued on July 14, 2021, the date her employment was terminated"); *Marshall v. Hum. Servs. of Se. Tex., Inc.*, No. 1:21-cv-529, 2023 WL 1818214 (E.D. Tex. Feb.

14

7, 2023) (EFAA did not apply where all conduct contributing to sexual harassment claim occurred between 2015 and 2018, culminating in the plaintiff's termination in 2018); *Woodruff v. Dollar Gen. Corp.*, Case No. CV 21-1705-GBW, 2022 WL 17752359 (D. Del. Dec. 19, 2022) (EFAA did not apply where all conduct occurred before the plaintiff resigned in 2019); *Walters v. Starbucks Corp.*, 623 F. Supp. 3d 333, 337 (S.D.N.Y. 2022) ("Each of [plaintiff's] claims accrued at the time she experienced discrimination, harassment, or retaliation, and at the latest by December of 2021, when she left her job."); *Steinberg v. Capgemini Am., Inc.*, No. CV 22-489, 2022 WL 3371323 (E.D. Pa. Aug. 16, 2022) (EFAA did not apply where alleged sexual harassment began in September 2019 and plaintiff was fired in July 2020); *Zinsky v. Russin*, No. 2:22-cv-547, 2022 WL 2906371 (W.D. Pa. July 22, 2022) (EFAA did not apply where all alleged conduct occurred before August 2021).

Here, Appellant's attempt to utilize her arbitrary administrative complaint filing date is even more nonsensical because Appellant's administrative filing with the CRD was untimely. Appellant filed her CRD letter in August 2023. She does not specify when in 2018 the asserted harassment took place, but it must have occurred at least 4 years and 8 months prior to her administrative filing. This is well outside the three-year period Appellant had to file her CRD letter. Tying EFAA applicability to an untimely filing of administrative letters would resurrect a time-barred claim

15

and give Appellant and other plaintiffs rights under the EFAA based on a claim that cannot be pursued.

Appellant's argument that a "dispute" only "arises" for application of the EFAA upon the filing of an administrative complaint conflicts with the overwhelming weight of federal cases that have rejected this theory and should be rejected here too.

**B.      The  Authorities Appellant Relies on are Misapplied and Unpersuasive.**

Appellant's reliance on the California Court of Appeal decision in *Kader* and two out-of-circuit district court cases is misplaced. *Kader* is not binding, and in any event confirms that Appellant's dispute arose before the EFAA's enactment. Similarly, the other authorities relied on by Appellant—*Papaconstantinou-Bauer* and *Famuyide*—are factually and legally distinguishable, and neither supports Appellant's contention that an administrative filing is required for a dispute to arise under the EFAA. Even under Appellant's own authorities, the EFAA does not apply here.

**1.      Appellant Misapplies the California Court of Appeal Decision in *Kader*.**

Appellant asks this Court to hold that her dispute with Netflix did not arise until the filing of her administrative complaint with the CRD in August 2023 based almost exclusively on a single case: the California Court of Appeal decision in *Kader*

*v. S. California Med. Ctr., Inc.*, 99 Cal. App. 5th 214 (2024). *Kader*, however, does not support Appellant's position for two primary reasons.

First, the California Court of Appeal's interpretation of federal statutes in *Kader* departs from the overwhelming majority of federal courts and is not binding on this Court. "Decisions of the six [California] district appellate courts . . . do not bind each other or us." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013); *see also Wyant v. City of Lynnwood*, 621 F. Supp. 2d 1108, 1113 (W.D. Wash. 2008) ("When a state court interprets federal law, its decision does not bind a federal court."). As such, Appellant's reliance on *Kader* is misguided. *See, e.g., Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) (courts "may forge a different path" in the absence of binding precedent).

Second, *Kader* does not hold that a dispute arises based on the filing of an administrative complaint. Rather, the *Kader* court found that the important consideration was when the employee made the employer *aware* of the conduct at issue. In *Kader*, the employer was not made aware of the sexual harassment prior to the filing of the administrative complaint—"[t]here was no evidence that Kader asserted any right, claim or demand prior to filing charges with the DFEH in May 2022, and at oral argument, Kader's attorney conceded that *Kader never complained to anyone at [the employer] about [the harasser's] conduct*." *Id.* at 224 (emphasis added).

Here, Appellant alleges that she complained to Netflix about the alleged harassment during her employment and through November 2021. ER 104 (Complaint, ¶ 69). Appellant asserts that she made Netflix aware of these concerns throughout her employment, but at the latest in November 2021. *Id.* As the District Court found, these alleged complaints necessarily predated enactment of the EFAA. *See* ER 7 (Order, p. 5 ("The first 'dispute' in [*Kader*]—that is, the first time that the parties were 'adverse' to each other—was when plaintiff filed his DFEH complaint. . . . There was no evidence, for example, that the plaintiff had complained to anyone at work prior to filing the DFEH charges . . . .")). Thus, even applying the framework in *Kader*, the EFAA still does not apply to this case.

2. **Appellant Misinterprets and Misapplies the Two Out-Of-Circuit District Court Decisions She Offers as Authority to Support her Position.**

Other than *Kader*, Appellant's only other supporting authorities are (1) *Papaconstantinou-Bauer v. Jackson Hosp. & Clinic, Inc.*, No. 2:22CV178-MHT, 2024 WL 1158362 (M.D. Ala. Mar. 18, 2024), and (2) *Famuyide v. Chipotle Mexican Grill, Inc.*, No. 231127 (DWF/ECW), 2023 WL 5651915 (D. Minn. Aug. 31, 2023). Neither supports Appellant's argument that a dispute can only arise or accrue when an employee files an administrative complaint.

First, *Papaconstantinou-Bauer* is factually and legally inapposite. In *Papaconstantinou-Bauer*, the plaintiff "was hired in August 2020," "fired in

February 2021," "filed a charge of discrimination with the EEOC in June 2021," and filed her lawsuit in April 2022. 2024 WL 1158362, at *5. Also, the court held that the EFAA was *inapplicable* to the dispute. The court did not make a finding that EFAA applicability is only triggered by the filing of an administrative complaint. Rather, the court earmarked the date that the plaintiff filed an administrative complaint as the *latest* date a "dispute" arose for purposes of the EFAA under the factual circumstances of the case. *Id.* at *6 (emphasis added) (finding that "a dispute *would* have arisen, *at the latest*, when [plaintiff] pursued her charge of discrimination with the EEOC.").

Second, *Famuyide* does not support Appellant's position either. For example, *Famuyide* has nothing to do with pre-suit administrative filings and in no way supports Appellant's contention that such filings trigger a dispute under the EFAA. *Famuyide* involved allegations of sexual assault and sexual harassment. With respect to the assault, although the plaintiff reported the conduct to her employer when it occurred, the court found no facts suggesting any "dispute" between the employee and employer before she later filed suit. As the court explained, although the assault occurred in November 2021, the "actual dispute between [employee] and [employer]—the moment when they took opposing positions—arose when [employee] filed her complaint in state court." *Famuyide*, 2023 WL 5651915, at *3–4 (emphasis added). As to sexual harassment, the court applied similar reasoning to

19

*Kader*, holding that no dispute arose until the filing of a complaint in court because there were no allegations that the employer was aware of the alleged harassment before the complaint's filing. *Id*. at \*4 ("It is unclear whether or to what extent [the employer] was aware of the harassment" prior to the filing of the complaint).

Thus, even under *Famuyide*'s framework, the EFAA does not apply. Appellant alleges she complained to Netflix about the harassment during her employment and through her termination in December 2021—prior to the EFAA's enactment. As the District Court correctly found, those complaints and the adverse position of the parties necessarily predate the statute, and the EFAA therefore cannot apply to this case.

In sum, Appellant misinterprets and misapplies her offered authorities. Neither case supports her position. So, the EFAA is inapplicable.

## C. The EFAA Is also Inapplicable Because Appellant's Sexual Harassment Claims are Barred by the Statute of Limitations.

Although the foregoing arguments should be dispositive, this Court may alternatively affirm the District Court's holding on the basis that Appellant cannot state a plausible sexual harassment claim that could implicate the EFAA because any such claims are time-barred. It is well-settled that this Court can affirm a district court's decisions "on any ground supported by the record even if it differs from the rationale of the district court." *United States v. Thompson*, 127 F.4th 1204, 1209 (9th Cir. 2025); *see also In re Wrightwood Guest Ranch, LLC*, 896 F.3d 1109, 1113 (9th

Cir. 2018) (a district court's decision may be affirmed "on any basis supported by the record even if the district court did not rely on that basis").

Netflix raised the statute of limitations issue in its briefing to the District Court moving to compel arbitration. ER 52–56 (Netflix's Motion to Compel Arbitration, pp. 16–20); ER 21–22 (Netflix's Reply in Support of Motion to Compel Arbitration, pp. 13–14). Appellant offered no response to this argument in opposition. *See* ER 24–33 (Appellant's Opposition to Motion to Compel Arbitration).

Many federal courts to consider the EFAA have read a "plausibility standard" into the statute: "The EFAA does not apply in the absence of a plausible sexual harassment claim." *Johannessen v. JUUL Labs, Inc.*, No. 3:23-cv-03681-JD2024, WL 3173286, at *4 (N.D. Cal. 2024) (failing to read a plausibility standard into the EFAA "would violate the plain meaning of the statute, and lead to an improper dilution of the 'liberal federal policy favoring arbitration'"). This plausibility standard means that the EFAA only applies to actions asserting allegations of sexual harassment specifically and factually and "capable of surviving dismissal at the threshold of a litigation[.]" *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023).

The EFAA is inapplicable here because Appellant's claims for sexual harassment are time-barred. So, she does not have a plausible sexual harassment claim capable of surviving dismissal at the outset of litigation. Appellant's sexual

harassment-related claims are premised upon two instances of purported sexual harassment, both of which occurred in 2018. ER 93–94 (Complaint, ¶ 15 [October 2018 incident]; ER 97 (Complaint, ¶ 27 [September 2018 incident]); ER 6 (Order, p. 4 ["The Complaint alleges that Plaintiff suffered two instances of sexual harassment in 2018, and that she was terminated on December 1, 2021—prior to the EFAA's enactment (March 3, 2022)."].) However, "The statute of limitations of a FEHA harassment claim is three years[.]" *McCabe v. Canon Solutions Am., Inc.*, No. 8:23-CV-01710-DOC-MARx, 2023 WL 7201396, at *2 (C.D. Cal. Oct. 31, 2023) (citing Cal. Gov. Code § 12960(e)); *see also Dutrisac v. STMicroelectronics, Inc.*, No. 23-CV-06639-BLF, 2024 WL 3646949, at *11 (N.D. Cal. Aug. 2, 2024) ("[p]laintiff was required to file her administrative complaint for . . . hostile work environment harassment . . . and failure to prevent discrimination, harassment, and retaliation with the California Civil Rights Department ('CRD') within three years upon the date upon which the unlawful practice occurred.").

Appellant did not file her CRD complaint until August 2023, and did not file suit against Netflix until July 2024, about six years after the alleged harassment. Her sexual harassment claims are untimely and do not allow application of the EFAA. *See, e.g.*, 9 U.S.C. § 402(a) (EFAA applies only to "a sexual harassment dispute or sexual assault dispute"); *see also Cardenas v. F.D. Thomas, Inc.*, No. 2:24-cv-01814-DAD-JDP, 2025 WL 418753, at *3 (E.D. Cal. Feb. 6, 2025) (reciting that

22

some courts "evaluate EFAA arguments using the pleading standards of Federal Rule of Civil Procedure 12(b)(6)," while others require that the plaintiff "plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment").

Time-barred sexual harassment claims cannot give rise to a "sexual harassment dispute" that triggers the EFAA. Parties should not be permitted to "throw in" such implausible claims for the purpose of evading arbitration, an interpretation that would wholly undermine the plain language of the statute, Congress's intent, and go against common sense district court practice.

## D. Appellant's Invocation of Policy Considerations Are Unavailing.

Appellant argues that the District Court's finding that the EFAA is inapplicable to conduct predating its enactment undermines the policy considerations of the statute. *See* Appellant's Opening Brief ("AOB"), pp. 21–22. But by its express terms, the EFAA does not apply to disputes or claims arising or accruing before March 3, 2022. Enforcing the statute's express terms cannot undermine its policy considerations.

Additionally, Appellant asserts that the District Court's correct application of the EFAA would "chill reporting by future victims" of sexual harassment. AOB, p. 22. Any such concerns are moot at this point in time because over three years has passed since the enactment of the EFAA, while the statute of limitations for sexual

23

harassment claims is three years. So, any sexual harassment claims that can validly be pursued within the applicable three-year statute of limitations would necessarily have arisen *after* the effective date of the EFAA on March 3, 2022.

Finally, to the extent Appellant argues the EFAA should apply to her claims because the public policy considerations she cites should apply equally to conduct occurring *before* the EFAA's enactment, this is contrary to Congress's intent. In enacting statutes, Congress has "responsibility for fundamental policy judgments concerning the proper temporal reach of statutes[.]" *Jeffries v. Wood*, 114 F.3d 1484, 1496–97 (9th Cir. 1997), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 272 (1994)). In enacting the EFAA, Congress exercised its fundamental policy judgment not to make the statute retroactive. So, allegations relating to the time period before the EFAA's enactment and any attendant public policy considerations are irrelevant.

## IX.   CONCLUSION

The EFAA is not retroactive and does not apply to disputes or claims that arose or accrued before its March 3, 2022 effective date. Because all conduct underlying Appellant's claims occurred before her termination on December 1, 2021, Appellant's dispute with or claims against Netflix arose or accrued, at latest, by December 1, 2021.  Thus, the District Court below did not err in determining that the EFAA does not apply to Appellant's claims. Alternatively, Appellant's sexual

harassment claims are time-barred and thus cannot support application of the EFAA. The Court should affirm the District Court's order compelling Appellant's claims to arbitration and dismissal of the case.

Dated: September 24, 2025 Respectfully submitted,

By: _s/ Ashley Farrell Pickett_
Ashley Farrell Pickett
Attorneys for Defendant/Appellee
NETFLIX, INC.

## STATEMENT OF RELATED CASES
## PURSUANT TO CIRCUIT RULE 28-2.6

Appellee is not aware of any related cases.

Dated: September 24, 2025         Respectfully submitted,

By:   *s/ Ashley Farrell Pickett*
          Ashley Farrell Pickett
          Attorneys for Defendant/Appellee
          NETFLIX, INC.

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>PURSUANT TO FED. R. APP. PROC. 32(G)</u>

I certify that this brief complies with the type-volume limitations set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1(a). This brief uses Times New Roman 14-point typeface and contains 5,750 words according to the word processing program used by counsel, which is fewer than the 14,000 permitted by Ninth Circuit Rule 32-1(a).

Dated: September 24, 2025        Respectfully submitted,

By:    *s/ Ashley Farrell Pickett*
         Ashley Farrell Pickett
         Attorneys for Defendant/Appellee
         NETFLIX, INC.

## ADDENDUM

As required by Cir. Rule 28-2.7, Appellee provides the following statement of pertinent statutes. Title 9 U.S.C. §§ 401, 402 provide:

9 U.S.C. § 401 – Definitions

In this chapter:

(1) Predispute arbitration agreement.—The term "predispute arbitration agreement" means any agreement to arbitrate a dispute that had not yet arisen at the time of the making of the agreement.

(2) Predispute joint-action waiver.—The term "predispute joint-action waiver" means an agreement, whether or not part of a predispute arbitration agreement, that would prohibit, or waive the right of, one of the parties to the agreement to participate in a joint, class, or collective action in a judicial, arbitral, administrative, or other forum, concerning a dispute that has not yet arisen at the time of the making of the agreement.

(3) Sexual assault dispute.—The term "sexual assault dispute" means a dispute involving a nonconsensual sexual act or sexual contact, as such terms are defined in section 2246 of title 18 or similar applicable Tribal or State law, including when the victim lacks capacity to consent.

(4) Sexual harassment dispute.—The term "sexual harassment dispute" means a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law.

9 U.S.C. § 402. No validity or enforceability

(a) In general.—Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

28

(b) Determination of applicability.—An issue as to whether this chapter applies with respect to a dispute shall be determined under Federal law. The applicability of this chapter to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter applies shall be determined by a court, rather than an arbitrator, irrespective of whether the party resisting arbitration challenges the arbitration agreement specifically or in conjunction with other terms of the contract containing such agreement, and irrespective of whether the agreement purports to delegate such determinations to an arbitrator.

29

## CERTIFICATE OF SERVICE

I hereby certify that I submitted the foregoing **APPELLEE NETFLIX, INC.'S ANSWERING BRIEF** with the Clerk of the Court for the United States Court of Appeal for the Ninth Circuit by using the appellate CM/ECF system on September 24, 2025.

I certify that all participants in the case representing other parties are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: September 24, 2025   Respectfully submitted,


By:  *s/ Ashley Farrell Pickett*
     Ashley Farrell Pickett
     Attorneys for Defendant/Appellee
     NETFLIX, INC.

30